# ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   SEP 09 2004   ★
pt ST
BROOKLYN OFFICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

OLYMPUS AMERICA INC.,

   Plaintiff,

v.

FACTORY AUTHORIZED MEDICAL
SCOPE REPAIR, INC.,

   Defendant.

Civil Action No.

**CV 04 3878**

**HURLEY, J.**

**ORENSTEIN, M.J.**

## COMPLAINT

Plaintiff Olympus America Inc. ("Olympus"), for its Complaint, alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

1.      This is an action at law and in equity to remedy acts of, *inter alia,* (a) false advertising; (b) product disparagement and trade libel; (c) unfair competition; (d) unfair or deceptive acts; (e) interference with actual and prospective economic advantage; (f) commercial defamation; and (g) violations of New York General Business Law and the common law of the State of New York.

### Jurisdiction and Venue

2.      Jurisdiction is founded on the provisions of 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.  Supplemental jurisdiction over the causes of action under state law is proper as substantially related to those causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1367.  In addition, because this action concerns an amount in controversy that exceeds $75,000, exclusive of costs and interests,

and is between citizens of different states, subject matter jurisdiction is proper pursuant to

28 U.S.C. § 1332. Personal jurisdiction is also proper since, *inter alia*, Defendant is

doing business in New York State, and Defendant published or distributed the materials

referenced below in New York State and elsewhere.

3.      Venue is proper under 28 U.S.C. § 1391(b) in that Defendant is doing and

transacting business within, and has committed the tortious acts complained of herein, in

this Judicial District.

### The Parties

4.      Plaintiff Olympus America Inc. is a New York corporation having a place

of business at Two Corporate Center Drive, Melville, New York 11747.

5.      Defendant Factory Authorized Medical Scope Repair, Inc. is a Florida

corporation having a place of business at 2859 West McNab Road, Pompano Beach,

Florida 33069.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

6.      Olympus is a market leader in the sale of medical and surgical devices,

including endoscopes and related support and repair services.

7.      Olympus's fine reputation has been built on its longstanding policy of

providing very high-quality medical and surgical devices that meet the exacting needs of

physicians and other healthcare providers and, ultimately, their patients.

8.      To support its sales and the benefits enjoyed by customers of Olympus's

high-quality products, Olympus also has factory-trained technicians and service centers

to make any needed repairs to Olympus products using original equipment manufacturer

(OEM) parts and following OEM repair procedures. These OEM parts and procedures meet the specifications of the original products and, without them, the products may not consistently perform as specified or advertised, and as physicians and other healthcare workers have come to expect. More significantly, a product's failure to perform to specification also may result in significant health consequences, including injury to patients.

9.      Defendant provides repair products and services for medical and surgical devices, including Olympus's endoscopes and other equipment.

10.     Defendant operates a web site advertising its repair services at www.famsr.com (the "Website").

11.     Defendant uses the Website to make false and misleading statements advertising its repair products and services. In particular, the Website includes numerous false and misleading statements about Defendant's ability to repair Olympus-brand medical and surgical products, including claims that the services Defendant provides and the parts it uses in its repairs are equivalent to or even superior to the authentic Olympus-brand parts.

12.     Defendant's repair products and services are available across the country, including in New York State and in this Judicial District.

13.     Defendant has placed several statements on the Website that are false and misleading. For example, Defendant states on the Website, in connection with its purported replacement of bending sections and insertion tubes, that it is "providing superior quality at half the price of the manufacturer," but Defendant has no and provides no information or data as to why it believes that its quality is "superior" to the

manufacturer's quality or back-up documentation that its prices are half the price of the manufacturer's. Olympus attaches a copy of the relevant page from the Website as Exhibit A.

14.    Defendant also uses the Website to claim that, in connection with the manufacture of insertion tubes, the Defendant makes an insertion tube that is "equivalent to the OEM in physical and performance characteristics" and provides "superior patient safety, chemical resistance and durability to the OEM tubes." Defendant also asserts on the Website that the "OEM and IMPORTED insertion tubes use a porous rubber," and the rubber used by Defendant in its insertion tubes is "superior in chemical resistance to the OEM and IMPORTED tubes." Again, Defendant has no and provides no factual support for such claims. Olympus attaches illustrative copies of the relevant pages from the Website as Exhibit B.

15.    The Website also contains a "Certificate of Testing" of its insertion tube and light guide tube in which Defendant claims to have "passed" a certain test with unexplained scores of "3." Defendant has no and provides no factual back-up material to support such claims. Olympus attaches a copy of a page illustrating the Certificate of Testing from the Website as Exhibit C.

16.    The Website also includes Defendant's claims that on certain flexible endoscopes, Defendant uses replacement image bundles that are "equivalent to the OEM in quality and clarity for half the price of the OEM!" Defendant has no and provides no information, materials or data to support such a claim. Olympus attaches a representative copy of a relevant page from the Website as Exhibit D.

17.     Defendant claims further on the Website that the replacement lenses it uses for endoscopic equipment are of the "same specifications" and have the "same performance characteristics" as the original products (*e.g.*, Olympus's), with no supporting documentation whatsoever.  Olympus attaches a representative copy of a relevant page from the Website as Exhibit E.

18.     Defendant has no reliable and accurate support for the claims that Olympus identified in paragraphs 13-17 of this Complaint.  These claims constitute false representations likely to mislead, deceive and potentially lead to injury of consumers, and have caused and will continue to cause grave and irreparable injury to Olympus and the public at large.

19.     On July 19, 2004, Olympus sent a letter to the Defendant expressing Olympus's concern about the false and misleading statements made on the Website and demanding, *inter alia*, that Defendant produce data supporting its above-outlined claims or revise the content of the Website to remove the false and misleading claims.  Defendant did not respond to Olympus's letter, a copy of which Olympus attaches as Exhibit F.

20.     Defendant intentionally publicized and continues to publicize the false, misleading and defamatory statements illustrated in paragraphs 13-17 of this Complaint, and others, in an effort to promote and peddle its competing line of repair services and products, with the intent to mislead the public and harm Olympus's reputation in the trade and with consumers, as well as to deprive Olympus of sales and customers.

COUNT I
FALSE ADVERTISING (FEDERAL)

21.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

22.     This claim is to remedy acts of false advertising in commerce, and arises under 15 U.S.C. § 1125(a).

23.     Defendant's activities are likely to mislead the trade and public into believing, *inter alia*, that (i) Olympus's products or services are in some manner deficient, defective or inferior; (ii) Defendant's products or services are superior, when they are not; or (iii) Olympus and Defendant are similar or offer comparable goods or services; thereby injuring Olympus's reputation and goodwill, as well as depriving Olympus of sales and customers.

24.     Accordingly, Defendant's activities constitute false advertising in violation of 15 U.S.C. § 1125(a).

25.     Defendant's acts of false advertising have materially injured and continue to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, and have caused Olympus to sustain monetary damages, loss and injury.

26.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

27.     Defendant's acts of false and misleading advertising and representation, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

724458_1.DOC                                    -6-

## COUNT II
## PRODUCT DISPARAGEMENT AND TRADE LIBEL (FEDERAL)

28.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

29.     This claim is to remedy acts of product disparagement and trade libel in commerce and arises under 15 U.S.C. § 1125(a).

30.     Defendant's activities are likely to mislead the trade and public into believing, *inter alia*, that (i) Olympus's products or services are in some manner deficient, defective or inferior; (ii) Defendant's products or services are superior, when they are not; or (iii) Olympus and Defendant are similar or offer comparable goods or services; thereby injuring Olympus's reputation and goodwill, as well as depriving Olympus of sales and customers.

31.     Accordingly, Defendant's activities constitute product disparagement and trade libel in violation of 15 U.S.C. § 1125(a).

32.     Defendant's acts of product disparagement and trade libel have materially injured and continue to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, thereby causing Olympus to sustain monetary damages, loss and injury.

33.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

34.     Defendant's acts of product disparagement and trade libel, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

COUNT III
UNFAIR COMPETITION (FEDERAL)

35.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

36.     This claim is to remedy acts of unfair competition in commerce and arises under 15 U.S.C. § 1125(a).

37.     Defendant's activities as set forth above constitute false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics, and qualities of Defendant's goods and services, as well as Olympus's goods, services and commercial activities.

38.     Defendant's activities are likely to mislead the trade and public into believing, *inter alia*, that (i) Olympus's products or services are in some manner deficient, defective or inferior; (ii) Defendant's products or services are superior, when they are not; or (iii) Olympus and Defendant are similar or offer comparable goods or services; thereby injuring Olympus's reputation and goodwill, as well as depriving Olympus of sales and customers.

39.     Accordingly, Defendant's activities constitute unfair competition in violation of 15 U.S.C. § 1125(a).

40.     Defendant's acts of unfair competition have materially injured and continue to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, thereby causing Olympus to sustain monetary damages, loss and injury.

41.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

42.     Defendant's acts of unfair competition, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

COUNT IV
UNFAIR OR DECEPTIVE ACTS (FEDERAL)

43.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

44.     This claim is to remedy acts of unfair or deceptive acts or practices and unfair methods of competition in commerce and arises under 15 U.S.C. § 45(a)(1).

45.     Defendant's activities as set forth above constitute false or misleading descriptions of fact and/or false or misleading representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics and qualities of Defendant's goods and services, as well as Olympus's goods, services and commercial activities.

46.     Defendant's activities are likely to mislead the trade and public into believing, *inter alia*, that (i) Olympus's products or services are in some manner deficient, defective or inferior; (ii) Defendant's products or services are superior, when they are not; or (iii) Olympus and Defendant are similar or offer comparable goods or services; thereby injuring Olympus's reputation and goodwill, as well as depriving Olympus of sales and customers.

47.     Accordingly, Defendant's activities constitute unfair or deceptive acts or practices and unfair methods of competition in violation of 15 U.S.C. § 45(a)(1).

48.     Defendant's unfair or deceptive acts have materially injured and continue to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, thereby causing Olympus to sustain monetary damages, loss and injury.

49.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

50.     Defendant's unfair or deceptive acts and unfair methods of competition, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

## COUNT V
## UNFAIR COMPETITION (COMMON LAW)

51.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

52.     This claim is to remedy acts of unfair competition under the common law of, *inter alia*, the State of New York.

53.     Defendant's activities as set forth above constitute false or misleading descriptions of fact and/or false or misleading representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics and qualities of Defendant's goods and services, as well as Olympus's goods, services and commercial activities.

54.     Defendant's activities are likely to mislead the trade and public into believing, *inter alia*, that (i) Olympus's products or services are in some manner deficient, defective or inferior; (ii) Defendant's products or services are superior, when they are not; or (iii) Olympus and Defendant are similar or offer comparable goods or services; thereby injuring Olympus's reputation and goodwill, as well as depriving Olympus of sales and customers.

55.     Accordingly, Defendant's unlawful activities constitute unfair competition as proscribed by the common law.

56.     Defendant's acts of unfair competition have materially injured and continue to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, thereby causing Olympus to sustain monetary damages, loss and injury.

57.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

58.     Defendant's acts of unfair competition, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

### COUNT VI
### VIOLATIONS OF § 349 OF THE NEW YORK GENERAL BUSINESS LAW

59.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

60.     This claim is to remedy acts of deceptive and misleading trade practices and unfair competition in violation of New York General Business Law § 349.

61. Defendant has engaged and continues to engage in deceptive and misleading acts, as identified above, which have materially injured and continue to injure the citizens of New York State.

62. Defendant's acts have caused Olympus to sustain monetary damage, loss and injury in an amount to be determined at the time of trial.

63. Defendant's activities constitute deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York under General Business Law § 349.

64. Defendant has engaged and continues to engage in these activities knowingly and willfully.

65. Defendant's acts, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

COUNT VII
VIOLATIONS OF § 350 OF NEW YORK GENERAL BUSINESS LAW

66. Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

67. This claim is to remedy acts of false advertising and unfair competition in violation of New York General Business Law § 350.

68. Defendant's activities constitute false advertising and unfair competition in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York under General Business Law § 350.

69.    Defendant's acts have caused Olympus to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

70.    Defendant has engaged and continues to engage in these activities knowingly and willfully.

71.    Defendant's acts of false advertising and unfair competition, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

COUNT VIII

PRODUCT DISPARAGEMENT AND TRADE LIBEL (COMMON LAW)

72.    Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

73.    This claim is to remedy acts of product disparagement and trade libel under the common law of, *inter alia*, the State of New York.

74.    Defendant's unlawful activities of intentional dissemination of false statements of fact against Olympus and its products and services constitute product disparagement and trade libel against Olympus and its products and services.

75.    Defendant has committed these acts with malice and intent to impeach the integrity of Olympus and its products.

76.    By placing false and injurious statements on the Website, Defendant has materially injured and continues to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, all of which have caused Olympus to sustain monetary damages, loss and injury.

77.     Defendant's acts of product disparagement and trade libel, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

COUNT IX
TORTIOUS INTERFERENCE WITH ACTUAL AND PROSPECTIVE
BUSINESS ADVANTAGE (COMMON LAW)

78.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

79.     This claim is to remedy acts of tortious interference with prospective business advantage under the common law of, *inter alia*, the State of New York.

80.     Defendant's aforesaid acts constitute intentional interference with Olympus's business relations with its customers and/or potential customers for the purpose of causing injury to Olympus and its business and for Defendant's commercial gain.

81.     Defendant's acts of tortious interference with actual and prospective business relations have caused Olympus to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

82.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

83.     Defendant's acts of tortious interference with actual and prospective business relations, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

## COUNT X
## COMMERCIAL DEFAMATION (COMMON LAW)

84.     Olympus repeats and realleges the allegations of paragraphs 1 through 20 as if set forth at length herein.

85.     This count is to remedy acts of commercial defamation under the common law of, *inter alia*, the State of New York.

86.     Defendant's aforesaid acts constitute the publication of derogatory and false statements to third parties concerning Olympus's reputation and products, which statements are understood or will be understood to be both derogatory and about Olympus.

87.     Defendant's aforesaid acts have materially injured and continue to injure Olympus's business, including but not limited to depriving Olympus of sales and customers, and injured Olympus's reputation and goodwill, all of which have caused Olympus to sustain monetary damages, loss and injury.

88.     Defendant's acts of commercial defamation, unless enjoined by this Court, will continue to cause Olympus to sustain irreparable damage, loss and injury, for which Olympus has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Olympus demands judgment against Defendant as follows:

A. For preliminary and permanent injunctions against Defendant and its officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them, who receive actual notice of the Order by personal service or otherwise:

 (1) Restraining Defendant from using any false representation or description of Olympus or of its services, products or activities, whether by symbols, charts, graphs, words or statements, or from any other activity which would damage or injure Olympus or give Defendant an unfair competitive advantage in the marketplace;

 (2) Restraining Defendant from further violating the Lanham Act, 15 U.S.C. § 1125(a).

 (3) Restraining Defendant from further violating the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

 (4) Restraining Defendant from engaging in acts of state or common law product disparagement, trade libel, commercial defamation, unfair competition, tortious interference or false advertising which would damage or injure Olympus;

 (5) Restraining Defendant from further violating New York General Business Law §§ 349 and 350;

 (6) Restraining Defendant from inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

B.     That Defendant file with the Court and serve on counsel for Olympus a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the Order.

C.     That Olympus recover from Defendant damages in an amount to be determined by the Court in consequence of Defendant's unlawful acts, together with appropriate interest on such damages;

D.     That pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h), Olympus's monetary relief be trebled;

E.     That pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Defendant be ordered to account for and to pay to Olympus all the gains, profits, savings and advantages realized by Defendant from the acts complained of herein;

F.     That Olympus recover from Defendant exemplary damages by reason of its wanton and willful acts of false advertising, product disparagement, trade libel and unfair competition;

G.     That Defendant furnish corrective advertising in a form to be approved by Olympus;

H.     That Olympus recover from Defendant an award of punitive damages, in an amount to be proven at trial;

I.     That Olympus be awarded costs of suit, together with Olympus's attorneys' fees and disbursements;

J.     That Olympus be awarded such other and further relief as may be appropriate.

## JURY TRIAL DEMAND

Olympus hereby makes demand for a trial by jury pursuant to Fed. R. Civ.

P. 38 as to all issues herein so triable.

DATED: 9/8/04

James E. Rosini (JR 7791)
Daniel H. Solomon
KENYON & KENYON
One Broadway
New York, New York 10004
Tel:    (212) 425-7200
Fax:    (212) 425-5288

Allen J. Baden
KENYON & KENYON
River Park Towers
333 West San Carlos, Suite 600
San Jose, California 95110
Tel:    (408) 975-7500
Fax:    (408) 975-7501

Attorneys for Plaintiff
Olympus America Inc.

Of Counsel:

Howard J. Zauderer
Vice President and General Counsel
Olympus America Inc.
Two Corporate Center Drive
Melville, New York 11747

724458_1.DOC                    -18-

# Exhibit A



**FAMSR: Engineering, technology and manufacturing driven!**

Company History          Sales Team          Quality Systems          Contact Us



OUR NEW
TECHNOLOGIES

• Homepage
• Manufacturing Insertion
  Tubes
• Manufacturing Bending
  Sections
• Manufacture's View on
  Independent Repair
  Companies
• Image Bundle Replacement

OUR SERVICES

• Flexible Endoscope Repair
• Rigid Endoscope Repair
• Surgical Camera Repair
• Electrical Power Tool Repair
• Pneumatic Power Tool Repair
• Manual and Laparoscopic
  Instrumentation Repair

THE COMPANY

• Preventive
  Maintenance Programs
• Employment
  Opportunities

CONTACT US
Send an email message or
call Customer Service at
1.800.352.7822

### Innovative Technology
### Replacement of Bending Sections
### & Insertion Tubes

Let our leading sales representatives handle your repair needs

Factory Authorized Medical Scope Repair's (FAMSR) focus the past decade has been to develop abilities to provide a "ONE STOP SHOP" for Operating Rooms and Gastrointestinal departments. FAMSR's Mechanical and Electrical Engineers design and manufacture parts for all categories of scopes and instrumentation. The journey has transformed FAMSR into an Engineering, Technology and Manufacturing-driven, World Class Organization.



**Committed to Research & Development**
FAMSR has a tremendous commitment to ongoing research and development. Through our engineering department and in-house manufacturing capabilities, FAMSR developed breakthrough technology on CCD repairs, replacement bending sections, replacement insertion tubes, image bundle replacement, surgical camera and electrical power tool repair.

**Innovative Technology**
**Replacement of Bending Sections & Insertion Tubes**

FAMSR is dedicated to ongoing research and development, to help our customers cut overall repair costs. Our latest innovation is the ability to manufacture our own replacement bending sections and insertion tubes using our proprietary technology, providing superior quality at half the price of the manufacturer

In addition to providing the latest in repair technology, FAMSR provides the customer with complete customer service, including Preventative Maintenance programs, in-service training and customized service programs.

Factory Authorized Medical Scope Repair, Inc.
2859 West McNab Road
Pompano Beach, Florida 33069
Phone: 954-984-1844 Fax: 954-984-0229
Email: Customer Service

Copyright © 2002 Factory Authorized Medical Scope Repair, Inc.
contact webmistress



# Exhibit B





Peeling of insertion tubes - Microsoft Internet Explorer

http://www.famsr.com/peelingofinsertiontubes.html

FAMSR: Engineering, techno

Company History          Sales Team          Quality Systems          Contact Us

## Peeling of the Insertion tube

The OEM and IMPORTED insertion tubes use a porous rubber.  As a result, a clear coating is applied to protect the rubber from chemicals and fluids.  Once the clear coat starts peeling, the rubber develops holes and must be replaced.  Of greater concern are the patient cross-contamination concerns due to the challenges in effectively disinfecting a peeling insertion tube.

FAMSR uses a proprietary rubber that does not require a clear coat and is superior in chemical resistance to the OEM and IMPORTED tubes.

Click Image to view

**Peeling Insertion Tube**

# Exhibit C

Certificate of Testing



**FAMSR: Engineering, technology and manufacturing driven!**

Company History        Sales Team        Quality Systems        Contact Us

# CERTIFICATE OF TESTING
### Insertion Tube and Light Guide Tube

**OUR NEW TECHNOLOGIES**

- Homepage
- Manufacturing Insertion Tubes.
- Manufacturing Bending Sections
- Manufacture's View on Independent Repair Companies
- Image Bundle Replacement

**OUR SERVICES**

- Flexible Endoscope Repair
- Rigid Endoscope Repair
- Surgical Camera Repair
- Electrical Power Tool Repair
- Pneumatic Power Tool Repair
- Manual and Laparoscopic Instrumentation Repair

**THE COMPANY**

- Preventive Maintenance Programs
- Employment Opportunities

**CONTACT US**
Send an email message or call Customer Service at 1.800.352.7822

Factory Authorized Medical Scope Repair, Inc. is committed to providing our customers with high quality, dependable repairs. Replacement parts used in these repairs undergo a rigorous testing program prior to their approval.

As part of this testing program, the insertion and light guide tubes were tested for chemical and biological compatibility as well as functionality. The material used for the tubes is certified as a USP class VI material and passed the biocompatibility testing set forth by the FDA version of the ISO 10993-1 International Standard, "Guidance on Selection of Tests".

Testing was performed by Factory Authorized Medical Scope Repair, Inc. and NAMSA, North American Science Associates.

| Test | Description | Results |
|---|---|---|
| **Biocompatibility** | **Testing according to ISO 10993 Series of International Standards** | **PASS** |
| Sensitivity | Maximization test | 3 |
| Cytotoxicity | Elution method (extract) | 3 |
| Irritation | Mucosal irritation | 3 |
| Intracutaneous | Extract (2) injections | 3 |
| **Chemical Compatibility** | **Testing according to literature and industry acceptable practices** | **PASS** |
| Enzymatic Detergent | 560 hour total soak time, simulating 2 year usage | 3 |
| Glutaraldehyde (Cidex®) | 560 hour total soak time, simulating 2 year usage | 3 |
| Hydrogen Peroxide (Sporox®) | 560 hour total soak time, simulating 2 year usage | 3 |
| Peracetic Acid (Steris System I®) | Simulated 1 year usage | 3 |
| 70% Alcohol | Simulated 2 year usage | 3 |
| Water Based Lubricant (KY Jelly) | Simulated 2 year usage | 3 |
| Ethylene Oxide Residuals | Ethylene oxide, ethylene chlorohydrin, ethylene glycol residual testing according to FDA proposed 21CFR821.100 and ISO 10993-7 | 3 |
| **Functionality** | **Testing conducted side by side with Olympus and Fujinon insertion tubes** | **PASS** |
| Torsional Stiffness | Amount of torque required to twist the shaft | 3 |
| Bending Stiffness | Amount of torque required to bend the insertion tube and bending section | 3 |
| Graphics Visability | Durability of the markings on the tube | 3 |
| Electrical Isolation | Ability of the tube to isolate the patient from electrical current leakage | 3 |

Factory Authorized Medical Scope Repair, Inc.
2859 West McNab Road
Pompano Beach, Florida 33069
Phone: 954-984-1844 Fax: 954-984-0229
Email: Customer Service

Copyright © 2002 Factory Authorized Medical Scope Repair, Inc.
contact webmistress

# Exhibit D



# Exhibit E



When do you get your lenses? - Microsoft Internet Explorer

http://www.famsr.com/whendougetyourlenses.html

FAMSR: En

Company History        Sales Team        Quality Systems        Contact Us

**When do you get your lenses?**

FAMSR purchases our lenses from craftsmen in Germany.  There are several companies that manufacture high quality replacement lenses.

FAMSR will only replace your lenses with lenses of the same specifications.  We respect the field of view, angle of view and point you have chosen to use.  At FAMSR, we duplicate and verify that you are receiving the same performance characteristics as when you first purchased your scope.

# Exhibit F

# OLYMPUS

July 19, 2004

**VIA TELECOPY (954-984-0229)**
**& CERTIFIED MAIL (RRR)**

President
Factory Authorized Medical Scope Repair, Inc.
2859 West McNab Road
Pompano Beach, FL 33069

Dear Sir or Madam:

Olympus America Inc. ("OAI") has reviewed the content of your website at www.famsr.com. Attached to this letter as <u>Annex A</u> is a print-out of the website, re-numbered manually at the bottom right-hand corner of each page for convenience. Several sections of your website contain false and/or misleading statements regarding FAMSR's repair and service of Olympus endoscopes that are causing grave and irreparable damage to OAI. We have marked certain of the offending sections of <u>Annex A</u> with an asterisk (*). (Please note that the sections marked may not be exhaustive.)

In particular, but without limitation, in several instances you claim your products are, in certain ways, "equivalent" or "superior" to OEM products. It is disturbing to OAI that FAMSR would disseminate such materials with reckless disregard for the truth, accuracy, and completeness of its statements. OAI requests that FAMSR provide us with the data to support all of FAMSR's claims contained in those marked sections. In addition, your chart located on page 8 is confusing because you do not explain the significance of the word "PASS" or the number 3 in the "Results" column. Please provide all side-by-side testing data.

In the event FAMSR cannot produce such supporting data, OAI expects written assurances that FAMSR will revise its website and all similar promotional materials accordingly, and develop policies and procedures for the responsible drafting and distribution of its marketing materials and communications.

As you are aware, the Federal Trade Commission Act prohibits as unlawful "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). Moreover, please note that OAI can seek civil redress against FAMSR under the Lanham Act which prohibits false or misleading representations regarding a company's own product or another's product. 15 U.S.C. § 1125(a).

**OLYMPUS AMERICA INC.**
TWO CORPORATE CENTER DRIVE, MELVILLE, NY 11747-3157
TEL (631) 844-5000

FD/00001/19396.1

Of course, nothing contained in this letter is a waiver of any right or remedy available to OAI at law, in equity, or otherwise.

I look forward to hearing from you promptly but by no later than **July 26, 2004**.

Sincerely,

Howard J. Zanderer

Attachment

2