UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OLYMPUS AMERICA INC.,

                 Plaintiff,          **MEMORANDUM & ORDER**

  -against-                            04-CV-3878 (DRH) (MLO)

FACTORY AUTHORIZED MEDICAL
SCOPE REPAIR, INC.,

                Defendant.
----------------------------------X

**A P P E A R A N C E S :**

**KENYON & KENYON**
Attorney for Plaintiff
One Broadway
New York, New York 10004
By: Allen J. Baden, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

Plaintiff Olympus America Inc. ("Plaintiff") objects to Magistrate Judge Michael L. Orenstein's September 22, 2005 Report and Recommendation to dismiss Plaintiff's complaint for: failure to serve notice on Defendant Factory Authorized Medical Scope Repair, Inc. ("Defendant"), in accordance with an August 16, 2005 Order; and failure to appear at the September 22, 2005 hearing in aid of judgment. After considering the papers filed by Plaintiff, the court declines to adopt Judge Orenstein's recommendation to dismiss the complaint.

*FACTUAL AND PROCEDURAL SYNOPSIS*

On September 9, 2004, Plaintiff filed a complaint against Defendant alleging, *inter alia*, product disparagement, trade libel, and unfair competition. Defendant, a corporation, filed a *pro se* answer to the complaint. Because corporations must be represented by an attorney, the Court disregarded Defendant's "Answer." Defendant thereafter failed to file a proper answer. As a result, on June 30, 2005, the Court entered default judgment against Defendant and referred the action to Judge Orenstein for an inquest on damages and attorneys' fees.

Judge Orenstein set an assessment of damages hearing for August 16, 2005. The clerk's office sent two notations of default to Defendant and both letters were returned as undeliverable. (*See* Docket Docs. Nos. 11 & 12.) On August 15, 2005, one day prior to the hearing, Plaintiff requested an adjournment of the August 16 hearing because its mail to Defendant had been similarly undeliverable. Judge Orenstein granted the adjournment, "[d]espite Plaintiff's total failure to adhere to this court's order re: service of the notice of the assessment of damages hearing . . . ." (August 16, 2005 Order.) Judge Orenstein rescheduled the assessment of damages hearing to September 22, 2005.

Plaintiff failed to appear at the September 22 hearing. That day Judge Orenstein recommended the dismissal of the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to appear and failure to notify Defendant in accordance with the August 16, 2005 Order. The next day, Plaintiff submitted a letter

asserting that it had not received notice of the hearing. Plaintiff subsequently submitted its objections to Judge Orenstein's Report and Recommendation.

*STANDARD OF REVIEW*

The Federal Magistrates Act provides a *de novo* standard of review for magistrate resolution of dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B)-(C).

*ANALYSIS*

Plaintiff argues that Judge Orenstein's September 22, 2005 Report and Recommendation should not be adopted because it is a punitive measure not consistent with a reasonable conclusion of this action. According to Plaintiff, dismissal at this juncture would be incongruous with this Court's entry of default judgment and, quite simply would be an unjust administration of the Federal Rules. *See* FED. R. CIV. P. 1 ("[The rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

Judge Orenstein recommended dismissal of Plaintiff's complaint pursuant to Rule 41(b). Rule 41(b) authorizes a court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." Although not explicitly authorized by the rule, such dismissals may be made *sua sponte. See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993)). That being said,

Rule 41(b) dismissals are a "harsh remedy" that are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2nd Cir. 1996).

With this in mind, the correctness of a Rule 41(b) dismissal is determined in light of the record as a whole and in consideration of the following factors: (1) the duration of Plaintiff's failure to comply with the court order; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See id.*; *Jackson v. City of New York*, 22 F.3d 71, 74 (2nd Cir.1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2nd Cir.1988). Generally, no factor is dispositive. *See Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2nd Cir. 1994). Moreover, while district courts are not required to discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning. *See Lucas*, 84 F.3d at 535.

### A. <u>Duration</u>

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to comply; and (2) whether the plaintiff's failures were of significant duration. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004).

As to the first consideration, it is not clear that Plaintiff is entirely at fault for the

delay. Though Judge Orenstein ordered Plaintiff to notify Defendant, Plaintiff's failures appear to stem directly from its inability to locate the Defendant. This failure is all the more excusable in light of the fact that all correspondence to Defendant from the clerk's office was similarly undeliverable. Thus, it is not clear that Plaintiff alone was responsible for the failure to comply.

It is also unclear whether Plaintiff's failures were of significant duration. The magistrate first noted Plaintiff's failure to adhere to his court order on August 16, 2005. On September 22, 2005, after a second failure, Judge Orenstein recommended dismissal of the complaint. This six week period of failure is less than that generally required for dismissal. *See Norden,* 375 F.3d at 255 (seventeen-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir.1980) (six-month delay); *accord Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays supporting dismissals have ranged from three months to a period of years). Because the delay was not entirely Plaintiff's fault, nor was the delay of significant duration, this factor weighs against dismissal.

### B.     Notice

There is no indication that Plaintiff was on notice that his failure to comply by with Judge Orenstein's order would result in dismissal.

### C.     Prejudice

Because Defendant has not replied to any of the letters from Plaintiff or this Court,

has not provided any means to be contacted by Plaintiff or this Court, and has not even submitted an answer to the complaint, there is no indication that Defendant was prejudiced by Plaintiff's failures. As such, this factor weighs against dismissal.

### D. Balancing of Plaintiff's Due Process Rights and Court's Interest in Clearing Its Calendar

It is difficult to evaluate this factor because there was no on-the-record consideration of the dismissal of Plaintiff's complaint. *Cf. Valentin*, 121 F.3d at 76 ("[F]or all that appears from the district court's order of dismissal, the court did not balance plaintiff's right to due process."); *see also Lucas*, 84 F.3d at 535-36 ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). Because Judge Orenstein's report seemingly did not consider Plaintiff's Due Process Rights, this factor also weighs against dismissal.

### E. Lesser Sanction

Finally, the record does not indicate that Judge Orenstein considered a lesser sanction for Plaintiff's failures. Keeping in mind that dismissal for failure to comply is reserved for "extreme" cases, the Court concludes that the dismissal of Plaintiff's complaint would be erroneous. *See Spencer*, 139 F.3d at 114 ("In sum, this is not one of those 'rare occasions' when the 'drastic remedy' of Rule 41(b) dismissal was warranted." (quoting *Colon v. Mack*, 56 F.3d 5,7 (2d Cir.1995)).

*CONCLUSION*

For the above reasons, the Court declines to adopt Judge Orenstein's September 22, 2005 Report and Recommendation.

**SO ORDERED.**

Dated: Central Islip, New York
November 21, 2005

          /s/
Denis R. Hurley
United States District Judge